[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM MAGISTRATE'S DECISION
This appeal was filed by the defendant from a decision of the Family Support Magistrate, dated November 25, 1992. The defendant's primary claim on appeal is that the Magistrate erred by failing to strictly apply the child support guidelines in establishing defendant's support obligation. The defendant failed to meet his burden of proof CT Page 3504 to show that his substantial rights were prejudiced based upon any of the statutory criteria, set forth in Connecticut General Statutes Section 46b-231(n)(7). Therefore, the defendant's appeal is denied and the decision of the Family Support Magistrate is affirmed, retroactive (as agreed upon by the parties) to August 16, 1992.
The defendant shall pay the current weekly order of $200, plus $25 per week on the arrearage until the arrearage is paid in full. The orders are secured by an immediate wage withholding. The case is remanded to the Family Support Magistrate for the limited purpose of determining the amount of the arrearage as of the date of the remand hearing.
The Magistrate's order requiring the defendant to provide medical insurance for the child, and to share uninsured or unreimbursed medical expenses for the child is also affirmed.
Costs are taxed in favor of the plaintiff, pursuant to Connecticut General Statutes Section 46b-231(n)(9). Plaintiff shall file a bill of costs within 20 days.
FACTS
The plaintiff filed a petition of support against the defendant for the support of a child born to the parties, out of wedlock. The defendant acknowledged paternity of the child. After a full hearing, the Family Support Magistrate (Ginsberg) prepared a Memorandum of Decision, dated November 25, 1992 making certain findings and entering support orders. The defendant appealed the Magistrate's decision.
The Magistrate found that a strict application of the Child Support Guidelines would be inequitable and inappropriate based solely on the defendant's sworn financial affidavit. The Magistrate found several deviation criteria under the Child Support Guidelines:
 1) The present and potential earning capacity of the defendant;
 2) The defendant's ownership in the entirety and with other persons of substantial assets which gives the defendant CT Page 3505 significant equity in property; and
3) The defendant's tax savings.
Certain stipulations were made in this case:
 1) Both parties stipulated that the appeal could be decided solely on the record. Connecticut General Statutes Section 46b-231(n)(6).
 2) The defendant agreed this Court could decide the appeal on the record without a ruling by the Magistrate on defendant's motion for articulation. The defendant stated in open court that he understood the appeal would be confined to the record and the Memorandum of Decision by the Magistrate; and
 3) Both parties agreed that defendant's prior counsel had withdrawn and that the defendant was proceeding pro se.
ISSUES
The defendant raises three issues on appeal:
 1) That the Magistrate erred by finding deviations from the guidelines, resulting in an order of $200 per week when, the defendant claims the guidelines would result in an order of $74 per week;
 2) That the Magistrate erred in setting an order of $142.00 per week for defendant's other child, with a different mother, on August 11, 1992, (which order defendant claims is within the guidelines) while setting an order in this case of $200 per week on November 25, 1992, based on the same financial affidavit;
 3) The Magistrate erred in refusing or neglecting to articulate the basis of his CT Page 3506 decision in accordance with defendant's Motion to Articulate dated December 14, 1992. (This appears to be the same motion to articulate, which the defendant abandoned at the hearing on this appeal).
Defendant's first claim is that the Magistrate failed to find specific deviating factors and corresponding dollar amounts to support his decision. The defendant cited Favrow v. Vargas, 222 Conn. 699 (1992) in support of his claim. In Favrow v. Vargas, the trial court found the guidelines to be unfair and inappropriate because the obligor would be left with only $135 per week to live on, and her basic housing and food costs exceeded that amount. The trial court in Favrow v. Vargas did not find any specific deviation criteria, as set forth in the guidelines.
In this case, the Magistrate did find specific deviation criteria, as set forth in the guidelines, as noted above. Admittedly, the Magistrate did not list the deviation criteria with corresponding dollar amounts, which would have aided this Court on appeal.
A thorough review of the record, however, clearly establishes a basis for the Magistrate's findings. A review of the transcript of the hearing before the Magistrate clearly shows that the defendant's financial affidavit could best be described as "creative." A more accurate description would be "woefully misleading." Our Supreme Court has held that both lawyers and parties in Family cases have an affirmative obligation to be candid with the opposing party and the court. Billington v. Billington, 220 Conn. 212,219-222 (1991). Simply because the defendant is pro se, he is not relieved of this obligation. A few examples of his lack of candor in his financial affidavit are as follows:
 1) He listed his weekly earnings and tax withholding, without showing his tax refund as an asset, even though he intentionally overwithholds, to receive a large tax refund each year. The refund he was due to receive at the time of the hearing was over $3000;
2) He greatly understated his equity in real CT Page 3507 estate. He showed a gross value of $845,000, with mortgages of $840,000, thus an equity of $5,000. At the hearing it was established, that he failed to list certain properties, he valued mortgages at their face value, rather than present balances, and he undervalued certain properties. The evidence at the hearing clearly established his equity in real estate holdings totalled nearly $150,000, not $5,000;
 3) He failed to list as an asset his interest in a $40,000 savings account in which he had a 25% interest and for which he paid taxes on the interest earned;
 4) He failed to disclose the fact that he received bonuses annually from his family's business. He gross earnings on his financial affidavit was $692 per week. But his true earnings for 1991 (the last completed tax year before the hearing) were at least $925 per week gross ($48,000 per year) according to his testimony at the hearing;
 5) He failed to disclose that his negative case flow figure for rental income was actually a result of depreciation and tax benefits;
 6) He overestimated repair expenses on his rental properties; and
 7) He undervalued his IRA holdings by approximately $10,000.
The Magistrate properly found certain deviation criteria, then gave the defendant some credit for the support order he was paying for another child and entered a fair support order for this child. Quite frankly, based upon the record in this case, if a higher support ordered was entered, it would have been affirmed on appeal. (Connecticut General Statutes Section 46b-231(n)(7). CT Page 3508
The defendant's second claim on appeal is that the order is inconsistent with an order entered by this same Magistrate, in a case involving this same defendant, on the same financial information, with respect to another child fathered by this defendant (and a different mother). The defendant claims the Magistrate entered an order of $142 per week in the other case (allegedly in accordance with the guidelines), while entering an order in this case which (according to the defendant) is $126 per week above the guidelines.
This argument fails for two reasons:
 1) The defendant's view of a proper order in this case based upon the guidelines ($74) is calculated on defendant's financial affidavit. As noted above, defendant's financial affidavit is totally unreliable; and
 2) The defendant again is attempting to mislead this Court by insinuating that the Magistrate made an independent finding, after a hearing, in the other case. The truth is that the other case was presented to the Magistrate by agreement. Therefore, the Magistrate only had the defendant's financial affidavit to review, to determine if the agreement was fair. There was no contested hearing or any independent search for the accurate facts and financial data in the other case.
This Court takes judicial notice of the order, entered by agreement, in the other case. Loretta Bryda v. James Guilietti, FA92-49694. That agreement was entered in court on August 11, 1992. It is obvious that a Judge or Magistrate will review an agreement with a much less critical eye than the same Judge or Magistrate will examine the facts in a fully contested case on financial issues.
As indicated above, the defendant's third issue on appeal had to do with the Magistrate's failure to articulate his decision. The defendant abandoned this issue at the hearing on this appeal. The record in this case, however, CT Page 3509 clearly supports the Magistrate's decision, as stated above.
CONCLUSION
The decision of the Magistrate is affirmed in it's entirety, as set forth in the Magistrate's November 25, 1992 memorandum. The case is remanded for the limited purpose of establishing an up-to-date arrearage figure based upon the agreed retroactivity to August 16, 1992.
So ordered.
BY THE COURT,
Jonathan J. Kaplan Judge, Superior Court